**CONNOR et al. v. YELLOW CAB CO. et al.**
**Civ. A. No. 6182.**

District Court, E. D. Pennsylvania.
July 14, 1947.

Jos. A. Allen and H. Rook Goshorn, both of Philadelphia, Pa., for plaintiffs.

Schnader, Kenworthey, Segal & Lewis, of Philadelphia, Pa., for defendants.

McGRANERY, District Judge.

This is a suit for personal injuries. On the basis of the pleadings and the evidence, making due allowance for the credibility of witnesses, I make the following special findings of fact:

1. Plaintiffs in this suit are Edward B. Connor and Pearl B. Connor, his wife; Peter B. Conway and Rebecca Conway, his wife; and Harry J. Mehrer and Ada I. Mehrer, his wife. Each of the plaintiffs is a citizen of and resides in the Commonwealth of Pennsylvania.

2. Defendants are Yellow Cab Company, a Delaware corporation, and Victor Lynn Lines, Inc., a Maryland corporation. Both defendants have offices and do business in Philadelphia.

3. On October 23, 1945, the three women plaintiffs were passengers for hire in a taxicab of defendant Yellow Cab Company. The cab was struck on a rainy day at an intersection in Philadelphia by a truck owned by defendant Victor Lynn Lines. The intersection was controlled by a traffic signal, and the light was in the taxicab's favor. The taxicab driver saw the truck coming but thought it was slowing down. The taxicab was traveling at about 15 miles an hour, and the driver admitted that he did not know in how many feet he could have stopped his cab in the rain.

4. Plaintiff Pearl B. Connor was taken to the Jewish Hospital after the accident and remained there two days. She was on the side where the truck hit the taxicab and was knocked out by the impact of the collision. She was unconscious or in a semiconscious state for a few hours. She suffered a hematoma of the scalp, stiffness of the neck, an inch and a quarter cut lateral to her left eye, swelling of the eye and face, a dislocated finger, bruises and stiffness of her legs, and pleurisy. She had severe pain for two weeks, and discomfort for about six, except for the cut near her eye, which continued to be painful from time to time after that. Plaintiff was confined to bed for two weeks and spent another week in her room. Thereafter, she started to work in her store as she felt able, but did not work full time until six weeks after the accident. However, plaintiff was unable to show any special damages as a result of being away from the store, or any general loss of earning power. Plaintiff's personal property, including clothing worth $153.50, was rendered worthless by the accident. She also suffered a severe nervous shock and she is still very nervous, especially when riding in an automobile, sometimes hiding her face in her hands and screaming when in traffic. Plaintiff still bears a scar from the injury near her eye which will stay with her for some time, if not permanently. Mrs. Connor is entitled to compensatory damages for her pecuniary loss and for her pain and suffering and slight disfigurement of $650.

5. For some time after the accident, Mr. Edward B. Connor could not occupy the same room with his wife, and was obliged to sleep on a cot in the storeroom. In addition, he incurred medical expenses of $45.50 and additional maid

444

service in the house of $60. Mr. Connor, for his pecuniary loss and the loss of normal relationship with his wife while she was disabled and in bed, is entitled to compensatory damages of $205.

6. Plaintiff Rebecca Conway suffered a severe blow to the coccyx in the accident and was knocked unconscious for a few hours. She was taken to the Jewish Hospital and remained there for one day. Plaintiff was then confined to bed in her home for a week, during which she had severe pain, and could not return to work in her flower shop for two more weeks. As a result, she paid $90 for extra help in her store over that period. There was otherwise no loss of earning power shown. For months after the accident, she was obliged to sit on a rubber ring and still finds sitting long in any one position uncomfortable. Plaintiff's clothing, worth $57.50, was rendered worthless by the accident. For her pain and suffering and monetary expense and loss, plaintiff is entitled to compensatory damages of $500.

7. Mr. Peter Conway had medical expenses of $26 and suffered a loss of normal relationship with his wife while she was disabled and in bed. Mr. Conway was damaged to the extent of $125.

8. Plaintiff Ada I. Mehrer, after the accident, was taken to the Jewish Hospital, and two days later, to the Abington Hospital, where she remained for five days. She suffered an injury to her pubic bone, diagnosed in the X-ray report of the Jewish Hospital, in these words: "There is a minute fragment of bone detached from the superior surface of the right portion of the pubic ramus. This represents a periosteal fracture secondary to muscle tear." When she came home, Mrs. Mehrer had to remain in bed for two weeks. For five weeks, she then used crutches around the house. During this period, she suffered pain every time she moved her legs. Her back still inconveniences her and she feels weakness in her right leg. Mrs. Mehrer was not employed, but her personal property worth $53 was ruined in the accident. For her pain and suffering and pecuniary loss she is entitled to compensatory damages of $1,000.

9. Plaintiff Harry J. Mehrer had to meet the following expenses as a result of the accident: hospital bills, $122.50; additional maid service at home, $50; payment to Mrs. Mehrer's mother for nursing his wife for three weeks, $105. Mr. Mehrer also suffered a loss of normal relationship with his wife while she was disabled and in bed. Mr. Mehrer was damaged to the extent of $470.

Conclusions of Law

1. This Court has jurisdiction of the parties to and subject matter of this action.

2. Pennsylvania's substantive law of damages is the applicable law.

3. Under that law, damages may be awarded for pain and suffering connected with a physical injury and for humiliation which is the natural result of a disfigurement brought about by the injury.

4. Under that law, a husband is entitled to damages for loss of the services and society of his wife.

5. Judgment will be entered for all plaintiffs against the defendants in the following amounts:

| Pearl Connor: | $650.00 |
|---|---|
| Edward Connor: | $205.00 |
| Rebecca Conway: | $500.00 |
| Peter Conway: | $125.00 |
| Ada Mehrer: | $1,000.00 |
| Harry Mehrer: | $470.00 |

According to their agreement that they are equally to blame for the accident, these judgments will be borne equally by the two defendants.